## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIETNAM VETERANS OF AMERICA, INC.,<br>8605 Cameron Street, Suite 400,<br>Silver Spring, MD 20910, | ) ) ) ) | |
| CITIZEN SOLDIER, INC.,<br>267 Fifth Avenue, Suite 901,<br>New York, NY 10016, | ) ) ) ) | |
| NATIONAL GULF WAR RESOURCE<br>  CENTER, INC.,<br>3027 Walnut St.,<br>Kansas City, MO 64108, | ) ) ) ) ) | |
| RADIATED VETERANS OF<br>  AMERICA, INC.,<br>2533 N. Carson Street,<br>Carson City, Nevada 89706, | ) ) ) ) ) | |
| VETERANS FOR PEACE, INC.,<br>216 South Meramec Ave.,<br>Saint Louis, MO 63105, | ) ) ) ) | Case No. _____ |
| Charles L. CLARK,<br>1245 Akele St.,<br>Kailua, HI 96734, | ) ) ) ) | |
| David CLINE,<br>17 Pierce Avenue #1,<br>Jersey City, NJ 07307, | ) ) ) ) | |
| James E. MALONE,<br>2002 S. Norton St.,<br>Tucson, AZ 85713, and | ) ) ) ) | |
| John ROWAN,<br>8605 Cameron Street, Suite 400,<br>Silver Spring, MD 20910, | ) ) ) ) | |
| Plaintiffs, | ) | |

1

|                                                                                                  |   |
|--------------------------------------------------------------------------------------------------|---|
| v.                                                                                               | ) |
|                                                                                                  | ) |
|                                                                                                  | ) |
| R. James NICHOLSON, in his Official Capacity                                                     | ) |
|   as Secretary of Veterans Affairs,                                                              | ) |
| 810 Vermont Avenue, NW,                                                                          | ) |
| Washington, DC 20420, and                                                                        | ) |
|                                                                                                  | ) |
| UNITED STATES DEPARTMENT OF                                                                      | ) |
| VETERANS AFFAIRS,                                                                                | ) |
| 810 Vermont Avenue, NW,                                                                          | ) |
| Washington, DC 20420,                                                                            | ) |
|                                                                                                  | ) |
| Defendants.                                                                                      | ) |

## COMPLAINT

COME NOW PLAINTIFFS, Vietnam Veterans of America, Inc., Citizen Soldier, Inc., National Gulf War Resource Center, Inc., Radiated Veterans of America, Inc., Veterans For Peace, Inc., Charles. L. Clark, David Cline, James E. Malone, and John Rowan, and in support of their Complaint herein allege as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory and injunctive relief and money damages for the violations of the Administrative Procedures Act and the Privacy Act of 1974.  Plaintiffs represent approximately 26,500,000 individuals who have suffered emotional trauma and been placed in fear of identity theft, destruction of credit, and financial fraud because of Defendants' reckless disregard for the privacy of these citizen's basic personal information.

2.     Defendant Nicholson failed to properly perform the duties of the duties of his position as Secretary of Veterans Affairs ("Secretary") and did not ensure Plaintiffs' privacy rights were

protected from the intentional, willful, arbitrary and capricious actions and inactions of his subordinates.

3.      Defendant United States Department of Veterans Affairs ("Department" or "VA") flagrantly disregarded the privacy rights of essentially every living man and woman to have worn a United States military uniform, and perhaps others, by illegally maintaining a database of personal information unrelated to claims for benefits.

4.      Defendant VA arrogantly compounded it disregard for veterans' privacy rights by recklessly failing to make even the most rudimentary effort to safeguard this trove of the personally identifiable information from unauthorized disclosure. Thus, the information was unencrypted, easily copied, and, apparently, available to anyone aware of its existence. VA's failure, despite repeated calls for correction of these long-standing, fundamental security deficiencies, allowed millions of citizen's private information to be surreptitiously disclosed to unknown individuals for unknown purposes.

5.      The result of Defendants' reckless disregard of Plaintiffs' privacy rights was the largest unauthorized disclosure of Social Security numbers in history.

6.      Defendants' actions and inactions have inflicted, and will long continue to inflict, real costs and emotional pain and suffering on Plaintiffs and every other living veteran and their families.

## JURISDICTION AND VENUE

7.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Jurisdiction is also invoked pursuant to 5 U.S.C. §§ 552a(g)(1), (5) because this is a civil action to enforce a liability created under 5 U.S.C. § 552a after September 27, 1975.

8.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

PLAINTIFFS

9.     Plaintiff Vietnam Veterans of America, Inc. ("VVA") is a Congressionally-chartered national veterans' service organization.  Many of the group's individual members and their families are in receipt of, or are seeking entitlement to, VA benefits.  VVA assists disabled veterans and their families, both members and non-members, in the prosecution of claims for benefits by providing them with *pro bono* legal representation before the VA, the Board of Veterans Appeals and the U.S. Court of Appeals for Veterans Claims.  VVA's advocacy on behalf of all veterans extends to the legislative arena.   VVA has approximately 53,400 members, all of whom are believed to be identified in Defendant's lost records.

10.     Plaintiff Citizen Soldier, Inc. is a non-profit active duty military and veterans' rights advocacy organization.  The organization advocates for the rights of American military veterans and active duty personnel over a wide range of issues, including the Agent Orange litigation.  Citizen Soldier has also organized educational and advocacy campaigns, via publications and the internet, on a range of health and safety issues of concern to veterans, Citizen Soldier currently has approximately 7,200 members nationwide, of which approximately 1,500 are military veterans.

11.     Plaintiff National Gulf War Resource Center, Inc. is a national coalition of more than twenty Gulf War veterans advocacy groups founded in 1995 to assisting military veterans of operations in the Persian Gulf Region from 1990 to the current day.  The organization advocates for

4

scientific research and VA medical care and benefits related to the health issues of veterans of Persian Gulf conflicts.

12.     Plaintiff Radiated Veterans of America, Inc. is a non-profit organization dedicated to advocate for, and aid, past, current and future members of the Armed Forces of the United States of America who were or may be exposed to ionizing radiation in fulfilling their duties, their families, and survivors. Radiated Veterans of America, Inc. has approximately 40 members, essentially all of which are military veterans.

13.     Plaintiff Veterans For Peace, Inc. is a national organization of men and women veterans of the Spanish Civil War, World War II, Korea, Vietnam, and other conflicts, as well as peacetime veterans. The organization has approximately 4,500 veteran members and 1,000 associate members organized in chapters across the country.

14.     Plaintiff Charles L. Clark is a veteran of World War II and a radiation-exposed veteran of the occupation of Nagasaki. Plaintiff Clark has submitted claims for VA benefits for the adverse health effects caused by his in-service radiation exposure.

15.     Plaintiff David Cline is a disabled Vietnam combat veteran. During his tour of duty as a rifleman with the 25th Infantry Division, he was received three Purple Hearts for wounds received in combat, the Bronze Star for bravery, the Combat Infantry Badge, and other Vietnam service medals.

16.     Plaintiff James E. Malone is cold war veteran who was exposed to radiation from United States atomic testing. He has filed claims for benefits with VA for service-connected conditions.

17.    Plaintiff John Rowan is the President of Vietnam Veterans of America and a veteran of service in the United States Air Force.

DEFENDANTS

18.    Defendant R. James Nicholson is the Secretary of Veterans Affairs and is the official responsible for the proper execution and administration of all laws administered by the Department and for the control, direction, and management of the Department.

19.    Defendant VA is an executive department of the federal government and is, therefore, an "agency" for purposes of the Privacy Act of 1974.

**STATEMENT OF THE FACTS**

20.    On May 3, 2006, a laptop computer and external data storage device or devices were reported stolen from the home of a VA employee. The laptop computer and data storage device or devices contained a copy of a collection or grouping of information pertaining to approximately 26.5 million persons (the "Personal Information"), including military veterans and their spouses. The Personal Information contained individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, and dates of birth. In addition, an unknown number of individual's records contained disability information and information related to possible exposure to biological and chemical agents. None of the information was encrypted or similarly protected.

21.    The incident was the largest unauthorized disclosure of Social Security data ever. The disclosure was so patently egregious and unlawful that any reasonable government official would have known it to be unlawful.

22.    The VA employee reported the Personal Information theft to one or more VA officials. These VA officials were aware of the egregious and unlawful disclosure of the Personal Information soon after the occurrence, yet these VA officials willfully and intentionally decided to conceal the disclosure and did not to report the incident to other VA official, federal law enforcement, or inform the individuals whose personal information had been disclosed without authorization. These failures exhibit Defendants' reckless disregard for Plaintiffs' privacy rights, intentional and willful violations of the Privacy Act, and were otherwise not in accordance with law.

23.    No VA official charged with protecting the Personal Information pursuant to the Privacy Act and who was knowledgeable of the egregious and unauthorized disclosure informed Defendant VA's Inspector General of the disclosure. The Inspector General only learned of the incident through an offhand remark on May 10, 2006. Then, the Inspector General further demonstrated VA's reckless disregard for Plaintiffs' privacy rights and intentional and willful disregard for Privacy Act requirements by failing to interview the employee in question until May 15, 2006, five days later.

24.    Defendant Nicholson was informed of the patently egregious and unlawful disclosure on May 16, 2006, but the Federal Bureau of Investigation ("FBI") was not contacted until May 17, 2006. Defendant Nicholson did not publicly inform Plaintiffs or any other individuals of VA's egregious and patently unlawful disclosure of the Personal Information until May 22, 2006, 19 days after the reported theft. Contrary to Defendant Nicholson's *post hoc* public statements this delay was not a result of a premeditated plan to avoid public concern, but actually resulted from Defendants VA's officials' reckless disregard for Plaintiffs' privacy rights and failure to promptly and forthrightly report the disclosure or otherwise observe the procedures required by law.

7

25.    Defendants' actions and inactions in failing to report the unauthorized disclosure of the Personal Information were arbitrary, capricious and without observance of procedures required by law.

26.    Defendant VA has been repeatedly informed of recurring, systemic, and fundamental deficiencies in its information security, but failed to effectively respond. VA's own Inspector General has for years criticized the Department for lax information security. Despite the repeated identification of problems, VA has been unable or unwilling to properly secure the personal information under its control. These repeated failures to correct known vulnerabilities of VA's safeguards for Plaintiffs' private information demonstrated a reckless disregard for privacy rights and intentional or willful violations of the Privacy Act.

27.    The VA employee who reported the laptop computer stolen routinely took sensitive private information, including the Personal Information, home since at least 2003. The employee had not received a security background check for approximately 32 years.

28.    The Personal Information disclosed on May 3, 2006, could be retrieved by the name of an individual or by some identifying number, symbol, or other identifying particular assigned to an individual.

29.    VA flagrantly disregarded Plaintiff's privacy and caused Plaintiffs adverse effects by not obtaining prior written consent of Plaintiffs, or any individual, before disclosing the Personal Information to any other individual or government agency.

30.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to observe the procedures required by law for disclosure of private information, including the Personal Information, without the prior written consent of the affected individuals.

31.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by disclosing, or allowed disclosure of, the Personal Information to officials and employees who did not have a need for such records and information in the performance of their duties.

32.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to keep or maintain an accurate accounting of the disclosures of the Personal Information.

33.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects assembling and maintaining the Personal Information in a system of records although the information was not relevant and necessary to accomplish a purpose required by statute or by executive order of the President.

34.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to collect the Personal Information directly from the subject individuals to the greatest extent practicable although the information may result in adverse determinations about an individual's rights, benefits, and privileges under a Federal program.

35.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to publish a notice of the existence and character of the Personal Information system of records in the Federal Register.

36.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to make reasonable efforts to assure that the Personal Information records were accurate, complete, timely, and relevant for VA purposes prior to disseminating a record about an individual to any person other than an agency.

37.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to establish or implement appropriate administrative, technical, and physical safeguards to

insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained. VA's security deficiencies allowed, and continue to allow, a single individual to compromise through disclosure the entire Personal Information system of records. VA's entrenched unwillingness or inability to establish and maintain adequate information security is an abuse of discretion and an intentional and willful failure to observe procedures required by law.

38.    Defendant Nicholson was ultimately responsible for control, direction, and management of VA's processes, policies, and procedures for compliance with the Privacy Act of 1974, including, but not limited to VA Handbook 6300.5, "Procedures for Establishing and Managing Privacy Act Systems of Records," but failed to ensure those processes, policies, and procedures were adequately implemented by his subordinates. Defendant Nicholson knew, or should have known, that VA had long-standing information security deficiencies that threatened Plaintiffs' privacy rights, but did not ensure correction or mitigation of those deficiencies.

39.    Defendant Nicholson flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to establish and ensure lawful compliance by his subordinates with appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained.

40.     Each of Defendants' failures complained of caused Plaintiffs adverse effects including, but not limited to, embarrassment, inconvenience, unfairness, mental distress, emotional trauma, pecuniary damages and the threat of current and future substantial harm from identity theft.

41.     The real threat of identity theft and similar adverse effects of VA's illegal actions and inactions Privacy Act violations requires affirmative actions by Plaintiffs to recover peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining and reviewing credit reports, bank statements, and other similar information, obtaining credit watch services, and closing financial accounts. Plaintiffs have, and will continue to, suffer tangible and intangible damages for the foreseeable future.

## CLASS ACTION ALLEGATIONS

42.     This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1)-(3).

43.     The class consists of all persons who have been adversely effected by Defendants' APA and Privacy Act violations.

44.     The class is so numerous that joinder of all members is impractible. The class size is approximately 26,500,000, which is the number of individuals whose information Defendants admit was collected and maintained in the missing system of records.

45.     Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underlying action and relief sought.

46.     Class representatives' counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. is appropriately qualified and experienced to represent the class.

47.     There are substantial questions of fact and law common to all class members.  The legal issues raised in this Complaint are limited to violations of the APA and Privacy Act.  The factual issues of whether Defendants violated one or more legal requirements are common to all class members.  Similarly, the relief Plaintiffs seek is dominated by equitable remedies.  The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

48.     The claims of the representative Plaintiffs are typical of the claims of the class members.  Representative Plaintiffs are military veterans listed in one or more VA system of records who have had their personal information improperly maintained and disclosed by Defendants.

49.     The representative Plaintiffs will fairly and adequately protect the interests of the class.  Several Plaintiffs have previously come forward, at their own expense, to publicly raise the issue of Defendants' conduct.  Furthermore, the representative Plaintiffs' claims span the breadth of issues raised in this action.

50.     Defendants have acted and refused to act on grounds generally applicable to the class, making appropriate final injunctive and declaratory relief with respect to the class as a whole.

51.     The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

52.     Defendants' liability for damages can be established by facts and circumstances common to the class as a whole and do not require the examination of Plaintiffs' individual circumstances.

53.     Questions of law and fact common to members of the class predominate over any questions affecting only individual members.

54.    A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because:   (A) the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions; (B) no similar litigation concerning the controversy is known to have been commenced by members of the class; (C) concentrating litigation of this action in this Court is appropriate to ensure appropriate, consistent, and efficient resolution of the constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future; and (D) the difficulties in managing an action involving this class are significantly reduced by existing databases of potential class members prepared by the government and veteran service organizations.

## FIRST CLAIM FOR RELIEF
### Violation of the Administrative Procedures Act

55.    Plaintiffs reassert their allegations set forth in Paragraphs (1) through (54) above and incorporate them by reference into this First Claim for Relief.

56.    Defendant VA possesses personal information of Plaintiffs and millions of other veterans and citizens.  VA has repeatedly demonstrated an inability or unwillingness to implement, or callous disregard for, fundamental procedures to provide minimally acceptable safeguards for the personal and private information in its possession.

57.    Defendant Nicholson is ultimately responsible in his official capacity for safeguarding citizen's private information under VA control pursuant to applicable laws, including the Privacy Act of 1974 and the Administrative Procedures Act, but has been unable or unwilling to require compliance with those laws.

58.    Defendants' actions and inactions in failing to safeguard Plaintiffs' private information were arbitrary, capricious, and otherwise not in accordance with law.

59.    Plaintiffs suffered, and continue to suffer, harm as a result of Defendants' actions and from actions improperly withheld or unreasonably delayed.

60.    Plaintiffs are entitled to equitable relief for Defendants' violation of Plaintiffs' rights pursuant to the Administrative Procedures Act.

## SECOND CLAIM FOR RELIEF
### Violation of the Privacy Act

61.    Plaintiffs reassert their allegations set forth in Paragraphs (1) through (60) above and incorporate them by reference into this Second Claim for Relief.

62.    Defendants violated the Privacy Act of 1974.

63.    Each of Defendants' violations of the Privacy Act was intentional or willful.

64.    Each of Defendants' Privacy Act violations caused Plaintiffs adverse effects.

65.    Defendants' unauthorized disclosure of individuals' names, addresses, and phone numbers linked to their Social Security numbers has, in particular, placed each Plaintiff in legitimate fear of identity theft, corruption of their credit files, and plundering of bank accounts and retirement funds.

66.    Plaintiffs suffered actual damages as a result of Defendants' Privacy Act violations.

67.    Plaintiffs are entitled to monetary relief and the costs of this action together with reasonable attorney fees.

14

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

(a)     That this Court issue a declaratory judgment that Defendants violated, and continue to violate, Plaintiffs' rights under the Administrative Procedures Act and Privacy Act of 1974;

(b)     That this Court order Defendant Nicholson to immediately identify in the Federal Register the existence and character of every system of records maintained by VA and make available to any individual therein, their authorized representatives, or survivors, each record maintained in any VA system of records pertaining to that individual;

(c)     That this Court order Defendant Nicholson to immediately identify in the Federal Register each use of every system of records, including any use of that system or individuals records thereof known as a "project" or "projects," and the explicit statutory or other legal basis for that use or project;

(d)     That this Court permanently enjoin Defendant VA, its officers, agents, employees, and those acting for and with them, from accessing, viewing, handling, disclosing, or in any way transferring any record or system of records subject to Privacy Act requirements until an independent panel of experts finds that adequate information security has been established and implemented by VA, unless such activity is explicitly allowed by Court order and under supervision of persons independent of VA, such supervision to be at VA expense;

(e)     That this Court enjoin Defendant VA, its officers, agents, employees, and those acting for and with them from removing any device capable of storing, containing, or transferring any record or system of records, including, but not limited to, laptop computers, portable hard drives, memory stick or similar devices, and "iPods" and similar devices, from property under VA's supervision and control until and unless VA demonstrates that adequate information security has been established to the Court's satisfaction.

(f)     That this Court grant to Plaintiffs judgment against Defendant VA for damages in an amount of $1,000.00 for each individual who was adversely affected by Defendant's Privacy Act violations;

(g)     That this Court grant to Plaintiffs their costs and reasonable attorney's fees; and

(h)     That this Court grant such additional relief as the Court deems proper and just.

Respectfully submitted,


L. Gray Geddie (D.C. Bar No. 421357)
Douglas J. Rosinski (D.C. Bar No. 461275)
Ogletree, Deakins, Nash,
    Smoak & Stewart, P.C.
1320 Main St.
Columbia, SC 29201-3266
Attorneys for Plaintiffs

DATED: June 6, 2006

16