**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

————————————————————————

IN RE VA DATA THEFT LITIGATION     )          MDL Docket No. _____

————————————————————————)

**DEFENDANTS DEPARTMENT OF VETERANS AFFAIRS,**
**SECRETARY OF VETERANS AFFAIRS R. JAMES NICHOLSON,**
**DEPUTY SECRETARY GORDON G. MANSFIELD, AND VA**
**EMPLOYEE JOHN DOE'S MOTION FOR TRANSFER**
**AND COORDINATION PURSUANT TO 28 U.S.C. § 1407**

Defendants Department of Veterans Affairs, Secretary of Veterans Affairs R. James

Nicholson, Deputy Secretary Gordon G. Mansfield, and VA employee John Doe, hereby

respectfully move the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407,

for an order transferring and consolidating for pretrial purposes *Vietnam Veterans of America,*

*Inc. v. Nicholson*, No. 1:06-cv-1038-JR, currently pending in the District Court for the District of

Columbia,  *Hackett v. United States Department of Veterans Affairs*, Case No. 2:06-cv-114-

WOB, currently pending in the Eastern District of Kentucky, and *Rosato v. Nicholson*,

1:06-cv-03086-ENV-JMA, currently pending in the Eastern District of New York.[1]   Defendants

———————————————————

[1] This motion is made on behalf of Defendants Secretary Nicholson, Deputy Secretary
Mansfield, and VA employee John Doe, in their official capacities only.  Although all three
individual defendants have been named as defendants in the *Hackett* case in both their official
and individual capacities, they have not yet been properly served in their individual capacities.
*See* Fed. R. Civ. P. 4(i)(2)(B).  Plaintiffs in the *Rosato* case have not yet effected service on

recommend that the cases be consolidated in the District for the District of Columbia.  In support

of transfer and coordination of these actions, Defendants aver the following, as set forth more

fully in the accompanying supporting memorandum:

1.      All three of these actions arise from, and seek damages and other relief for, the

theft of data from the home of John Doe, an employee of the Department of Veterans Affairs

("VA").  Accordingly, they "involv[e] one or more common questions of fact."  28 U.S.C.

§ 1407(a).

2.      All three actions assert claims for damages under the Privacy Act, 5 U.S.C.

§ 552a.

3.      All three actions have been brought as putative class actions on behalf of identical

putative classes consisting of all individuals whose personal information was included in the

stolen data.

4.      The proposed transfer and consolidation "will be for the convenience of the

parties and witnesses and will promote the just and efficient conduct of such actions" for

multiple reasons.  *See* 28 U.S.C. § 1407(a).  First, the data theft occurred at the home of John

Doe, a VA employee who worked in Washington, D.C., and lives in suburban Washington, D.C.

(Maryland), and involved data maintained by the VA in Washington, D.C.  Accordingly,

relevant information and witnesses are likely to be found in Washington, D.C., and its vicinity.

Second, the scope of appropriate discovery is likely to arise in all three cases.  Indeed, Plaintiffs'

counsel in two of the cases have separately written to Defendants with respect to Defendants'

---

Defendant Nicholson, the sole named defendant in that case.  Although the instant Motion to
Transfer is filed with respect to all three pending cases, Defendants do not waive proper service
of process.

obligations to preserve evidence.  Defendants should be subject to only one court's supervision

of the discovery process.  Third, as noted above, all three cases are brought on behalf of the same

putative class of Plaintiffs.  Defendants should not be subject to inconsistent class certification

rulings.

     5.     For all of these reasons, as well as the reasons set forth in the accompanying

supporting memorandum and exhibits, Defendants respectfully request that the three cases be

consolidated for pretrial proceedings before the District Court for the District of Columbia.

Dated: July 10, 2006.          Respectfully submitted,

          PETER D. KEISLER
          Assistant Attorney General

          ELIZABETH SHAPIRO
          Assistant Branch Director


          _____/s/_____
          ORI LEV
          Senior Trial Counsel
          DAVID M. GLASS
          Senior Trial Counsel
          HEATHER R. PHILLIPS
          Trial Attorney
          U.S. Department of Justice
          Civil Division/Federal Programs Branch
          Mail:  P.O. Box 883
                  Washington, D.C.  20044
          Street: 20 Massachusetts Ave., N.W.
                  Room 7330
                  Washington, DC  20001
          Ph:    (202) 514-2395
          Fax:   (202) 318-7589
          Email: ori.lev@usdoj.gov

          *Attorneys for Defendants Department of Veterans*
          *Affairs, Secretary of Veterans Affairs R. James*
          *Nicholson in his official capacity, Deputy Secretary*

*Gordon G. Mansfield in his official capacity, and*
*Defendant John Doe in his official capacity.*

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

_____
IN RE VA DATA THEFT LITIGATION    )        MDL Docket No. _____
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANTS
DEPARTMENT OF VETERANS AFFAIRS, SECRETARY OF VETERANS AFFAIRS
R. JAMES NICHOLSON, DEPUTY SECRETARY GORDON G. MANSFIELD, AND VA
EMPLOYEE JOHN DOE'S MOTION FOR TRANSFER AND
COORDINATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 7.1(b) of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation, Defendants Department of Veterans Affairs, Secretary of

Veterans Affairs R. James Nicholson, Deputy Secretary of Veterans Affairs Gordon G.

Mansfield, and VA employee John Doe, seek transfer and pretrial coordination of three lawsuits,

*Vietnam Veterans of America, Inc. v. Nicholson*, No. 1:06-cv-1038-JR (currently pending in the

District Court for the District of Columbia),  *Hackett v. United States Department of Veterans

Affairs*, Case No. 2:06-cv-114-WOB (currently pending in the Eastern District of Kentucky), and

*Rosato v. Nicholson*, 1:06-cv-03086-ENV-JMA (currently pending in the Eastern District of

New York), each of which seeks to represent identical putative classes bringing similar claims

1

based on the same factual allegations.[1]  Defendants recommend that the cases be consolidated in

the District for the District of Columbia.  A multidistrict litigation proceeding is warranted

because all of the statutory criteria for transfer and coordination are present.

## BACKGROUND

As has been widely reported in the press, a laptop and external hard drive containing

personal information for approximately 26 million veterans and active duty personnel were

stolen from the home of a VA employee on May 3, 2006.  On June 29, 2006, authorities

announced the recovery of the stolen equipment, and noted that preliminary review revealed that

the data had not been accessed.  See Christopher Lee and Ernesto Londoño, "Stolen VA Laptop

Recovered," June 27, 2006, available at<http://www.washingtonpost.com/wp-dyn/content/article

/2006/06/29/AR2006062900352.html?sub=AR>.

In response to the VA data theft, three putative class action lawsuits have been filed

bringing Privacy Act claims against Defendants.[2]  See Complaint in Vietnam Veterans of

America, Inc. v. Nicholson, No. 1:06-cv-1038-JR (D.D.C.), attached hereto as Exhibit A;

Complaint in Rosato v. Nicholson, 1:06-cv-03086-ENV-JMA (E.D.N.Y.), attached as

---

[1] This motion is made on behalf of Defendants Secretary Nicholson, Deputy Secretary
Mansfield, and VA employee John Doe, in their official capacities only.  Although all three
individual defendants have been named as defendants in the Hackett case in both their official
and individual capacities, they have not yet been properly served in their individual capacities.
See Fed. R. Civ. P. 4(i)(2)(B).  Plaintiffs in the Rosato case have not yet effected service on
Defendant Nicholson, the sole named defendant in that case.  Although the instant Motion to
Transfer is filed with respect to all three pending cases, Defendants do not waive proper service
of process.

[2] An additional fourth putative class action lawsuit was filed in the District for the
District of Columbia, Kennedy v. United States Dep't of Veterans Affairs (06-1070) (D.D.C.);
however, plaintiffs in that case voluntarily dismissed their complaint without prejudice on June
28, 2006.

2

Exhibit B; Complaint in *Hackett v. United States Department of Veterans Affairs*, Case No. 2:06-cv-114-WOB (E.D.Ky.), attached hereto as Exhibit C.  All of the complaints allege that in the May 2006 burglary, computer equipment was stolen from the home of VA employee John Doe.  Ex. A ¶ 20; Ex. B ¶ 17; Ex. C ¶ 18.  The complaints allege that the computer equipment contained personal information on millions of veterans and active duty personnel, which had been taken by John Doe from the VA headquarters where he worked.  Ex. A ¶¶ 20, 27; Ex. B ¶ 17; Ex. C ¶ 18.  Likewise, all three complaints allege violations of the Privacy Act.  *See, generally,* Exs. A, B, C.  Moreover, each lawsuit seeks to represent the same nationwide putative class of people whose information was contained on the equipment that was stolen from John Doe's home.  Ex. A ¶¶ 42-44; Ex. B ¶ 43; Ex. C ¶ 27.  Thus, there are currently three overlapping class action Privacy Act cases against the VA based on the same underlying conduct.  The three cases are pending in three different jurisdictions (D.D.C., E.D. Ky., and E.D.N.Y.) and there is the possibility that additional cases may be filed.

## ARGUMENT

This Panel is authorized under 28 U.S.C. § 1407 to consolidate and transfer "civil actions involving one or more common questions of fact" to any district court for coordinated or consolidated pretrial proceedings upon the Panel's "determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).  The purpose of this transfer procedure is to conserve judicial resources and to avoid the delays that are bound to result if all aspects of pretrial proceedings were conducted separately.  *See* Moore's Federal Practice - Civil, Chapter 112 Multidistrict Litigation § 112.02.  The Panel's statutory mandate is to weigh the

interests of all the plaintiffs and all the defendants, and to consider multidistrict litigation as a whole in light of the purposes of the law. *In re Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. 1968).

In making this determination, the Panel therefore examines whether:  (1) the lawsuits at issue involve common questions of fact; (2) consolidation promotes the just and efficient conduct of the litigation by eliminating duplicative discovery, preventing inconsistent rulings on pretrial motions (including those with respect to certification of collective actions), and conserving the resources of the parties, their counsel and the judiciary; and (3) centralization under Section 1407 will serve the convenience of the parties and witnesses. *In re Dollar General Corp.*, 346 F. Supp. 2d 1368 (J.P.M.L. 2004).  The Panel also assesses the most appropriate district for the litigation, by examining, among other things, whether the proposed tribunal has the resources available to manage the litigation. *Id.*

All of the cases that Defendants seek to transfer and coordinate in the District Court for the District of Columbia fall squarely within the requirements of 28 U.S.C. § 1407(a), and significant benefits are to be gained by coordinated or consolidated pretrial proceedings. *In re Falstaff Brewing Corporation Antitrust Litigation*, 434 F. Supp. 1225, 1231 (J.P.M.L. 1977).  It is beyond dispute that the three actions share common questions of fact, including the same causes of action and overlapping putative classes.  Transferring these cases to one court for pretrial proceedings will be more convenient for the parties, will not prejudice any parties' interests, and will conserve judicial resources.

I.      **The Actions Involve Common Questions of Fact**

Each of the three actions shares "one or more common questions of fact."  28 U.S.C. §

4

1407(a). Indeed, virtually every question of fact in these cases is in common, because these are essentially three versions of the same case, appearing to differ only in that they have been filed by different law firms with different named plaintiffs. All of the cases are based on the same underlying factual allegations, namely that VA employee John Doe took data (containing Privacy Act-protected information) from VA headquarters to his home, where it was stolen in a burglary. Ex. A ¶¶ 20, 27; Ex. B ¶ 17; Ex. C ¶ 18. All of the cases contend that the VA's conduct constituted one or more violations of the Privacy Act, thus raising common questions such as whether the VA willfully and intentionally failed to properly maintain the VA data that was stolen. *See, e.g.,* Ex. A ¶¶ 20-41; Ex. B ¶¶ 2-8, 17-40; Ex. C ¶¶ 1-6, 18-26. And, all of the cases purport to represent the same class. Ex. A ¶¶ 42-44; Ex. B ¶ 43; Ex. C ¶ 27. As such, this statutory requirement has been fulfilled. *See, e.g., In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, No. 1393, 2001 WL 253115 (J.P.M.L. 2001) (transfer ordered where "[a]ll actions involve allegations relating to Cooper's tire design and its manufacturing process"); *In re Air West, Inc. Securities Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974) ("[W]hen two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events, common factual questions are presumed.").

Moreover, the case for transfer and consolidation in these cases is particularly strong because Plaintiffs in each case seek certification of identical classes but with different class representatives. The "appearance of conflicting class representation claims . . . militates strongly in favor of transfer." *In re Air West*, 384 F. Supp. at 611 (consolidating three actions); *accord In re Jamster Mktg. Litig.*, 427 F. Supp. 1366 (J.P.M.L. 2006) (ordering transfer and coordination of three class actions where "[e]ach action is brought as a class action against overlapping

5

defendants and is predicated on the same factual allegations" and finding that transfer "is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to potentially dispositive pretrial motions and class certification matters), and conserve the resources of the parties, their counsel, and the judiciary"); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 344 F. Supp. 2d 755, 756 (J.P.M.L. 2004) (ordering transfer and coordination of five "overlapping putative class actions"). Absent coordination, multiple federal courts will be simultaneously handling the same claims brought by the same putative class against the same defendants.

## II.    Transfer Will Promote Just and Efficient Adjudication of these Actions.

Because these three pending putative class actions are factually similar, advance similar causes of actions, and seek certification of overlapping, identical classes, pretrial proceedings in all these actions will involve identical issues.[3] Thus, each case will require the same discovery into the same facts, with testimony from the same witnesses, and the same potential discovery disputes. Additionally, each case will raise identical legal issues, including the propriety of class certification, the interpretation of the Privacy Act, and the scope of remedy, if any. Thus, transfer and consolidation of these cases in a single venue will result in enormous savings to the resources of parties, witnesses, and the courts. Additionally, consolidation will prevent both

---

[3] Three actions based on the same facts is a sufficient number to warrant transfer and coordination. *See e.g.*, *In re Jamster Mktg. Litig.*, 2006 WL 1023460 (J.P.M.L.) (consolidating three actions); *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979) (consolidating three actions); *In re California Armored Car Antitrust Litig.*, 476 F. Supp. 452, 454 (J.P.M.L. 1979) (consolidating three actions); *In re First Nat'l Bank*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (consolidating two actions); *In re Eastern Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763 (J.P.M.L. 1975) (consolidating two actions); *In re Cross-Florida Barge Canal Litig.*, 329 F. Supp. 543 (J.P.M.L. 1971) (consolidating two actions).

inconsistent legal rulings and inconsistent case management orders, both of which could prejudice the parties and undermine the systemic integrity of the judiciary.

For these reasons, transfer and coordination of these actions will promote the just and efficient conduct of these actions. *See, e.g., In re Prempro Products Liability Lit.*, 254 F. Supp. 2d 1366, 1367 (J.P.M.L. 2003) ("[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the question of class certification), and conserve the resources of the parties, their counsel and the judiciary").

## III.    Transfer Will Promote the Convenience of the Parties and the Witnesses.

As noted, all of these cases concern precisely the same underlying allegations about the alleged acts and omissions of the VA.  Thus, the same witnesses, documents, and other evidence will be at issue in each case.  Requiring duplicative litigation of discovery disputes (with the real possibility of inconsistent rulings and case management orders), and possible multiple productions of the same documents, as well as multiple depositions of the same witnesses, will waste resources of parties and witnesses (as well as judicial resources).  Thus, consolidation will promote the efficiency interests of all involved.  *See, e.g., In re High Sulfur Content*, 344 F. Supp. 2d at 757 (finding that consolidation of actions from two districts would "conserve the resources of the parties, their counsel and the judiciary").

Moreover, the main issues for discovery will concern the manner in which the data was maintained at VA headquarters, the manner in which John Doe accessed the data at VA headquarters, and the manner in which that data was stolen from John Doe's home.  The overwhelming number of relevant witnesses are thus likely to be employees (or former

employees) of VA and/or other individuals located in the Washington, D.C., area. It is unlikely that any information relevant to these topics will be sought from individuals located in the Eastern District of Kentucky, and the Eastern District of New York, where two of the lawsuits are pending. This particularly important factor thus strongly favors transfer to the District of Columbia for the convenience of the parties and witnesses. *See In re Marsh & McLennan Companies, Inc., Securities Litigation*, 429 F. Supp. 2d 1396 (J.P.M.L. 2006) (finding Southern District of New York to be the appropriate transfer forum given that the district was a likely source of relevant documents and witnesses as defendants in that case were headquartered there).

IV. **The District for the District of Columbia Is the Most Appropriate Transferee Forum**

The District for the District of Columbia, where one of the three cases – *Vietnam Veterans* – is currently pending (and another was dismissed without prejudice to the right to refile) is the most appropriate forum to handle this multidistrict litigation. As noted above, these cases are all based on underlying events that occurred in Washington, D.C., and a Maryland suburb. Thus, most, if not all, of the key witnesses are likely to be located in the Washington, D.C. area; most, if not all, of the relevant documents are likely to be located in the Washington, D.C., area; and the relevant premises are located in the Washington, D.C., area. Any third-party witnesses (for example former VA employees or witnesses with knowledge of the burglary) will most likely be within the subpoena power of the District for the District of Columbia. Thus, the District of Columbia is the most appropriate forum to handle the pretrial proceedings in these cases as this district has a significant nexus to the litigation. *See, e.g.*, *In re Salomon Bros. Treasury Securities Litig.*, 796 F. Supp. 1537, 1538 (J.P.M.L. 1992) (designating as transferee

8

court the district where the documents and witnesses relating to the defendant's conduct were located); *In re Air Disaster at Denver*, 486 F. Supp. 241, 243 (J.P.M.L. 1980) (same); *In re U.S. Financial Securities Litigation*, 375 F. Supp. 1403, 1404 (J.P.M.L. 1978) (same).

Moreover, of the districts where actions are pending, the District for the District of Columbia had the fewest pending cases per judge in 2005, the most recent year for which statistics are available. *See* Federal Court Management Statistics (2005), *available at* www.uscourts.gov/fcmstat/index.html. The District for D.C. had 309 pending cases per judge, while the Eastern District of New York and Eastern District of Kentucky had, respectively, 622 and 397 pending cases per judge. The District of Columbia is therefore better equipped and has more resources available to handle this litigation.

Finally, Congress has provided the District for the District of Columbia a special role in adjudicating Privacy Act cases. The District for the District of Columbia is the only district where venue is proper in every Privacy Act case. *See* 5 U.S.C. § 552a(g)(5). Because of this and because Washington, D.C., is the site of the federal government, the federal courts in Washington, D.C., have developed extensive caselaw and expertise with regard to the Privacy Act, and plaintiffs who do not live in D.C. frequently choose it as a venue for Privacy Act claims.[4] Given these factors, the District of Columbia is the most appropriate forum for these cases. *In re Dollar General Corp.*, 346 F. Supp. 2d at 1370 (noting appropriateness of transfer to Northern District of Alabama given familiarity with issues involved in litigation and fact that the "tribunal has the resources available to manage this litigation").

---

[4] For example, of the nine plaintiffs in *Vietnam Veterans of America, Inc. v. Nicholson*, No. 1:06-cv-1038-JR (D.D.C.), none are residents of Washington, D.C.

## CONCLUSION

For the reasons stated above, these three cases should be consolidated for pretrial purposes in the District for the District of Columbia.

Dated: July 10, 2006                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ELIZABETH SHAPIRO
Assistant Branch Director


_____/s/_____
ORI LEV
Senior Trial Counsel
DAVID M. GLASS
Senior Trial Counsel
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail:  P.O. Box 883
        Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
        Room 7330
        Washington, DC  20001
Ph:     (202) 514-2395
Fax:    (202) 318-7589
Email: ori.lev@usdoj.gov

*Attorneys for Defendants Department of Veterans Affairs, Secretary of Veterans Affairs R. James Nicholson in his official capacity, Deputy Secretary Gordon G. Mansfield in his official capacity, and Defendant John Doe in his official capacity.*

10

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

_____

IN RE VA DATA THEFT LITIGATION    )        MDL Docket No. _____

_____)

**DEFENDANTS' SCHEDULE OF ACTIONS FOR TRANSFER
AND COORDINATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule 7.2(a)(ii) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, defendants provide the following information regarding pending actions that will be

affected by defendants' Motion for Transfer and Coordination:

| Plaintiffs | Defendants | Dist./Div. | Civil Action No. | Judge Assigned |
|---|---|---|---|---|
| Vietnam Veterans of America, Inc.; Citizen Soldier, Inc.; National Gulf War Resource Center, Inc.; Radiated Veterans of America, Inc.; Veterans for Peace, Inc.; Charles L. Clark; David Cline; James E. Malone; John Rowan | R. James Nicholson; United States Department of Veterans Affairs | D.D.C./ D.C. | 1:06-cv-01038-JR | The Honorable James Robertson |
| Paul Hackett; Matthew W. Page | United States Department of Veterans Affairs; R. James Nicholson; Gordon G. Mansfield; John Doe | E.D. Ky./ Covington | 2:06-cv-00114-WOB | The Honorable William O. Bertelsman |
| Michael Rosato; Murry B. Moskowitz; Bruce Ouellette | R. James Nicholson | E.D.N.Y./ Brooklyn | 1:06-cv-03086-ENV-JMA | The Honorable Eric N. Vitaliano |

Dated: July 10, 2006                    Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        ELIZABETH SHAPIRO
                                        Assistant Branch Director


                                        _____/s/_____
                                        ORI LEV
                                        Senior Trial Counsel
                                        DAVID M. GLASS
                                        Senior Trial Counsel
                                        HEATHER R. PHILLIPS
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division/Federal Programs Branch
                                        Mail:   P.O. Box 883
                                                Washington, D.C.  20044
                                        Street: 20 Massachusetts Ave., N.W.
                                                Room 7330
                                                Washington, DC  20001
                                        Ph:     (202) 514-2395
                                        Fax:    (202) 318-7589
                                        Email: ori.lev@usdoj.gov

                                        *Attorneys for Defendants Department of Veterans
                                        Affairs, Secretary of Veterans Affairs R. James
                                        Nicholson in his official capacity, Deputy Secretary
                                        Gordon G. Mansfield in his official capacity, and
                                        Defendant John Doe in his official capacity.*

## CERTIFICATE OF SERVICE

I hereby certify  that a copy of the foregoing **DEFENDANTS DEPARTMENT OF VETERANS AFFAIRS, SECRETARY OF VETERANS AFFAIRS R. JAMES NICHOLSON, DEPUTY SECRETARY GORDON G. MANSFIELD, AND VA EMPLOYEE JOHN DOE'S MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C. § 1407**, and accompanying memorandum of law and exhibits were:

  (1) served upon counsel of record for Plaintiffs via first class mail this 10th day of July, 2006, in the following cases :

   *Vietnam Veterans of America, Inc. v. Nicholson*, No. 1:06-cv-1038-JR
    L. Gray Geddie
    Douglas Rosinksi
    Ogletree, Deakins, Nash, Smoak & Steward, P.C.
    1320 Main Street, Suite 600
    Columbia, South Carolina 29201-3266

   *Hackett v. United States Department of Veterans Affairs*, Case No. 2:06-cv-114-WOB
    Marc D. Mezibov
    401 East Court Street, Suite 600
    Cincinnati, Ohio 45202

   *Rosato v. Nicholson*, 1:06-cv-03086-ENV-JMA
    Joseph H. Weiss
    Mark D. Smillow
    Richard A. Aocelli
    Weiss & Lurie
    551 Fifth Avenue
    New York, NY 10179

  (2) filed on July 10th, 2006, in the above cited cases, via the courts' electronic case filing systems in the Eastern District of Kentucky, the Eastern District of New York, and the District for the District of Columbia.

    _____/s/_____
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail: P.O. Box 883
   Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
   Room 7222
   Washington, DC  20001
Ph:  (202) 616-0679; Fax:  (202) 318-7589

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

_____

IN RE VA DATA THEFT LITIGATION    )        MDL Docket No. _____
_____)

**NOTICE OF APPEARANCE**

        In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice before the Judicial Panel on Multidistrict Litigation on behalf of Defendants Department of Veterans Affairs, Secretary of Veterans Affairs R. James Nicholson in his official capacity, Deputy Secretary Gordon G. Mansfield in his official capacity, and Defendant John Doe in his official capacity, in the following cases:

*Vietnam Veterans of America, Inc. v. Nicholson*, No. 1:06-cv-1038-JR
*Hackett v. United States Department of Veterans Affairs*, Case No. 2:06-cv-114-WOB
*Rosato v. Nicholson*, 1:06-cv-03086-ENV-JMA

I am aware that only one attorney can be designated for each party.

_____        _____
Date                                    Signature of Attorney

Name and Address of Designated Attorney:
HEATHER R. PHILLIPS
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail:    P.O. Box 883
         Washington, D.C.  20044
Street:  20 Massachusetts Ave., N.W.
         Room 7222
         Washington, DC  20001
Ph:      (202) 616-0679
Fax:     (202) 318-7589