## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VIETNAM VETERANS OF AMERICA, INC., )
8605 Cameron Street, Suite 400, )
Silver Spring, MD 20910, )
 )
CITIZEN SOLDIER, INC., )
267 Fifth Avenue, Suite 901, )
New York, NY 10016, )
 )
NATIONAL GULF WAR RESOURCE )
 CENTER, INC., )
3027 Walnut St., )
Kansas City, MO 64108, )
 )
RADIATED VETERANS OF )
 AMERICA, INC., )
2533 N. Carson Street, )
Carson City, Nevada 89706, )
 )
VETERANS FOR PEACE, INC., )
216 South Meramec Ave., ) Case No. _____
Saint Louis, MO 63105, )
 )
Charles L. CLARK, )
1245 Akele St., )
Kailua, HI 96734, )
 )
David CLINE, )
17 Pierce Avenue #1, )
Jersey City, NJ 07307, )
 )
James E. MALONE, )
2002 S. Norton St., )
Tucson, AZ 85713, and )
 )
John ROWAN, )
8605 Cameron Street, Suite 400, )
Silver Spring, MD 20910, )
 )
Plaintiffs, )

1



|  |  |
|---|---|
| v. | ) |
|  | ) |
|  | ) |
|  | ) |
| R. James NICHOLSON, in his Official Capacity | ) |
| as Secretary of Veterans Affairs, | ) |
| 810 Vermont Avenue, NW, | ) |
| Washington, DC 20420, and | ) |
|  | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERANS AFFAIRS, | ) |
| 810 Vermont Avenue, NW, | ) |
| Washington, DC 20420, | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT

COME NOW PLAINTIFFS, Vietnam Veterans of America, Inc., Citizen Soldier, Inc.,

National Gulf War Resource Center, Inc., Radiated Veterans of America, Inc., Veterans For Peace,

Inc., Charles. L. Clark, David Cline, James E. Malone, and John Rowan, and in support of their

Complaint herein allege as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory and injunctive relief and money damages for the

violations of the Administrative Procedures Act and the Privacy Act of 1974.  Plaintiffs represent

approximately 26,500,000 individuals who have suffered emotional trauma and been placed in fear

of identity theft, destruction of credit, and financial fraud because of Defendants' reckless disregard

for the privacy of these citizen's basic personal information.

2.    Defendant Nicholson failed to properly perform the duties of the duties of his position

as Secretary of Veterans Affairs ("Secretary") and did not ensure Plaintiffs' privacy rights were

2

protected from the intentional, willful, arbitrary and capricious actions and inactions of his subordinates.

3.    Defendant United States Department of Veterans Affairs ("Department" or "VA") flagrantly disregarded the privacy rights of essentially every living man and woman to have worn a United States military uniform, and perhaps others, by illegally maintaining a database of personal information unrelated to claims for benefits.

4.    Defendant VA arrogantly compounded it disregard for veterans' privacy rights by recklessly failing to make even the most rudimentary effort to safeguard this trove of the personally identifiable information from unauthorized disclosure. Thus, the information was unencrypted, easily copied, and, apparently, available to anyone aware of its existence. VA's failure, despite repeated calls for correction of these long-standing, fundamental security deficiencies, allowed millions of citizen's private information to be surreptitiously disclosed to unknown individuals for unknown purposes.

5.    The result of Defendants' reckless disregard of Plaintiffs' privacy rights was the largest unauthorized disclosure of Social Security numbers in history.

6.    Defendants' actions and inactions have inflicted, and will long continue to inflict, real costs and emotional pain and suffering on Plaintiffs and every other living veteran and their families.

## JURISDICTION AND VENUE

7.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Jurisdiction is also invoked pursuant to 5 U.S.C. §§ 552a(g)(1), (5) because this is a civil action to enforce a liability created under 5 U.S.C. § 552a after September 27, 1975.

3

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

PLAINTIFFS

9.      Plaintiff Vietnam Veterans of America, Inc. ("VVA") is a Congressionally-chartered national veterans' service organization. Many of the group's individual members and their families are in receipt of, or are seeking entitlement to, VA benefits. VVA assists disabled veterans and their families, both members and non-members, in the prosecution of claims for benefits by providing them with *pro bono* legal representation before the VA, the Board of Veterans Appeals and the U.S. Court of Appeals for Veterans Claims. VVA's advocacy on behalf of all veterans extends to the legislative arena. VVA has approximately 53,400 members, all of whom are believed to be identified in Defendant's lost records.

10.      Plaintiff Citizen Soldier, Inc. is a non-profit active duty military and veterans' rights advocacy organization. The organization advocates for the rights of American military veterans and active duty personnel over a wide range of issues, including the Agent Orange litigation. Citizen Soldier has also organized educational and advocacy campaigns, via publications and the internet, on a range of health and safety issues of concern to veterans, Citizen Soldier currently has approximately 7,200 members nationwide, of which approximately 1,500 are military veterans.

11.      Plaintiff National Gulf War Resource Center, Inc. is a national coalition of more than twenty Gulf War veterans advocacy groups founded in 1995 to assisting military veterans of operations in the Persian Gulf Region from 1990 to the current day. The organization advocates for

scientific research and VA medical care and benefits related to the health issues of veterans of Persian Gulf conflicts.

12.    Plaintiff Radiated Veterans of America, Inc. is a non-profit organization dedicated to advocate for, and aid, past, current and future members of the Armed Forces of the United States of America who were or may be exposed to ionizing radiation in fulfilling their duties, their families, and survivors. Radiated Veterans of America, Inc. has approximately 40 members, essentially all of which are military veterans.

13.    Plaintiff Veterans For Peace, Inc. is a national organization of men and women veterans of the Spanish Civil War, World War II, Korea, Vietnam, and other conflicts, as well as peacetime veterans. The organization has approximately 4,500 veteran members and 1,000 associate members organized in chapters across the country.

14.    Plaintiff Charles L. Clark is a veteran of World War II and a radiation-exposed veteran of the occupation of Nagasaki. Plaintiff Clark has submitted claims for VA benefits for the adverse health effects caused by his in-service radiation exposure.

15.    Plaintiff David Cline is a disabled Vietnam combat veteran. During his tour of duty as a rifleman with the 25th Infantry Division, he was received three Purple Hearts for wounds received in combat, the Bronze Star for bravery, the Combat Infantry Badge, and other Vietnam service medals.

16.    Plaintiff James E. Malone is cold war veteran who was exposed to radiation from United States atomic testing. He has filed claims for benefits with VA for service-connected conditions.

5

17.    Plaintiff John Rowan is the President of Vietnam Veterans of America and a veteran of service in the United States Air Force.

DEFENDANTS

18.    Defendant R. James Nicholson is the Secretary of Veterans Affairs and is the official responsible for the proper execution and administration of all laws administered by the Department and for the control, direction, and management of the Department.

19.    Defendant VA is an executive department of the federal government and is, therefore, an "agency" for purposes of the Privacy Act of 1974.

**STATEMENT OF THE FACTS**

20.    On May 3, 2006, a laptop computer and external data storage device or devices were reported stolen from the home of a VA employee. The laptop computer and data storage device or devices contained a copy of a collection or grouping of information pertaining to approximately 26.5 million persons (the "Personal Information"), including military veterans and their spouses. The Personal Information contained individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, and dates of birth. In addition, an unknown number of individual's records contained disability information and information related to possible exposure to biological and chemical agents. None of the information was encrypted or similarly protected.

21.    The incident was the largest unauthorized disclosure of Social Security data ever. The disclosure was so patently egregious and unlawful that any reasonable government official would have known it to be unlawful.

6

22.    The VA employee reported the Personal Information theft to one or more VA officials. These VA officials were aware of the egregious and unlawful disclosure of the Personal Information soon after the occurrence, yet these VA officials willfully and intentionally decided to conceal the disclosure and did not to report the incident to other VA official, federal law enforcement, or inform the individuals whose personal information had been disclosed without authorization. These failures exhibit Defendants' reckless disregard for Plaintiffs' privacy rights, intentional and willful violations of the Privacy Act, and were otherwise not in accordance with law.

23.    No VA official charged with protecting the Personal Information pursuant to the Privacy Act and who was knowledgeable of the egregious and unauthorized disclosure informed Defendant VA's Inspector General of the disclosure. The Inspector General only learned of the incident through an offhand remark on May 10, 2006. Then, the Inspector General further demonstrated VA's reckless disregard for Plaintiffs' privacy rights and intentional and willful disregard for Privacy Act requirements by failing to interview the employee in question until May 15, 2006, five days later.

24.    Defendant Nicholson was informed of the patently egregious and unlawful disclosure on May 16, 2006, but the Federal Bureau of Investigation ("FBI") was not contacted until May 17, 2006. Defendant Nicholson did not publicly inform Plaintiffs or any other individuals of VA's egregious and patently unlawful disclosure of the Personal Information until May 22, 2006, 19 days after the reported theft. Contrary to Defendant Nicholson's *post hoc* public statements this delay was not a result of a premeditated plan to avoid public concern, but actually resulted from Defendants VA's officials' reckless disregard for Plaintiffs' privacy rights and failure to promptly and forthrightly report the disclosure or otherwise observe the procedures required by law.

7

25.     Defendants' actions and inactions in failing to report the unauthorized disclosure of the Personal Information were arbitrary, capricious and without observance of procedures required by law.

26.     Defendant VA has been repeatedly informed of recurring, systemic, and fundamental deficiencies in its information security, but failed to effectively respond. VA's own Inspector General has for years criticized the Department for lax information security. Despite the repeated identification of problems, VA has been unable or unwilling to properly secure the personal information under its control. These repeated failures to correct known vulnerabilities of VA's safeguards for Plaintiffs' private information demonstrated a reckless disregard for privacy rights and intentional or willful violations of the Privacy Act.

27.     The VA employee who reported the laptop computer stolen routinely took sensitive private information, including the Personal Information, home since at least 2003. The employee had not received a security background check for approximately 32 years.

28.     The Personal Information disclosed on May 3, 2006, could be retrieved by the name of an individual or by some identifying number, symbol, or other identifying particular assigned to an individual.

29.     VA flagrantly disregarded Plaintiff's privacy and caused Plaintiffs adverse effects by not obtaining prior written consent of Plaintiffs, or any individual, before disclosing the Personal Information to any other individual or government agency.

30.     VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to observe the procedures required by law for disclosure of private information, including the Personal Information, without the prior written consent of the affected individuals.

31.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by disclosing, or allowed disclosure of, the Personal Information to officials and employees who did not have a need for such records and information in the performance of their duties.

32.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to keep or maintain an accurate accounting of the disclosures of the Personal Information.

33.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects assembling and maintaining the Personal Information in a system of records although the information was not relevant and necessary to accomplish a purpose required by statute or by executive order of the President.

34.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to collect the Personal Information directly from the subject individuals to the greatest extent practicable although the information may result in adverse determinations about an individual's rights, benefits, and privileges under a Federal program.

35.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to publish a notice of the existence and character of the Personal Information system of records in the Federal Register.

36.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to make reasonable efforts to assure that the Personal Information records were accurate, complete, timely, and relevant for VA purposes prior to disseminating a record about an individual to any person other than an agency.

37.    VA flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to establish or implement appropriate administrative, technical, and physical safeguards to

9

insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained.  VA's security deficiencies allowed, and continue to allow, a single individual to compromise through disclosure the entire Personal Information system of records.  VA's entrenched unwillingness or inability to establish and maintain adequate information security is an abuse of discretion and an intentional and willful failure to observe procedures required by law.

38.     Defendant Nicholson was ultimately responsible for control, direction, and management of VA's processes, policies, and procedures for compliance with the Privacy Act of 1974, including, but not limited to VA Handbook 6300.5, "Procedures for Establishing and Managing Privacy Act Systems of Records," but failed to ensure those processes, policies, and procedures were adequately implemented by his subordinates.  Defendant Nicholson knew, or should have known, that VA had long-standing information security deficiencies that threatened Plaintiffs' privacy rights, but did not ensure correction or mitigation of those deficiencies.

39.     Defendant Nicholson flagrantly disregarded Plaintiffs' privacy and caused Plaintiffs' adverse effects by failing to establish and ensure lawful compliance by his subordinates with appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained.

40.     Each of Defendants' failures complained of caused Plaintiffs adverse effects including, but not limited to, embarrassment, inconvenience, unfairness, mental distress, emotional trauma, pecuniary damages and the threat of current and future substantial harm from identity theft.

41.     The real threat of identity theft and similar adverse effects of VA's illegal actions and inactions Privacy Act violations requires affirmative actions by Plaintiffs to recover peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining and reviewing credit reports, bank statements, and other similar information, obtaining credit watch services, and closing financial accounts. Plaintiffs have, and will continue to, suffer tangible and intangible damages for the foreseeable future.

## CLASS ACTION ALLEGATIONS

42.     This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1)-(3).

43.     The class consists of all persons who have been adversely effected by Defendants' APA and Privacy Act violations.

44.     The class is so numerous that joinder of all members is impractible. The class size is approximately 26,500,000, which is the number of individuals whose information Defendants admit was collected and maintained in the missing system of records.

45.     Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underlying action and relief sought.

46.     Class representatives' counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. is appropriately qualified and experienced to represent the class.

47.     There are substantial questions of fact and law common to all class members. The legal issues raised in this Complaint are limited to violations of the APA and Privacy Act. The factual issues of whether Defendants violated one or more legal requirements are common to all class members. Similarly, the relief Plaintiffs seek is dominated by equitable remedies. The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

48.     The claims of the representative Plaintiffs are typical of the claims of the class members. Representative Plaintiffs are military veterans listed in one or more VA system of records who have had their personal information improperly maintained and disclosed by Defendants.

49.     The representative Plaintiffs will fairly and adequately protect the interests of the class. Several Plaintiffs have previously come forward, at their own expense, to publicly raise the issue of Defendants' conduct. Furthermore, the representative Plaintiffs' claims span the breadth of issues raised in this action.

50.     Defendants have acted and refused to act on grounds generally applicable to the class, making appropriate final injunctive and declaratory relief with respect to the class as a whole.

51.     The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

52.     Defendants' liability for damages can be established by facts and circumstances common to the class as a whole and do not require the examination of Plaintiffs' individual circumstances.

53.     Questions of law and fact common to members of the class predominate over any questions affecting only individual members.

54.    A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because:   (A) the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions; (B) no similar litigation concerning the controversy is known to have been commenced by members of the class; (C) concentrating litigation of this action in this Court is appropriate to ensure appropriate, consistent, and efficient resolution of the constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future; and (D) the difficulties in managing an action involving this class are significantly reduced by existing databases of potential class members prepared by the government and veteran service organizations.

## FIRST CLAIM FOR RELIEF

### Violation of the Administrative Procedures Act

55.    Plaintiffs reassert their allegations set forth in Paragraphs (1) through (54) above and incorporate them by reference into this First Claim for Relief.

56.    Defendant VA possesses personal information of Plaintiffs and millions of other veterans and citizens.  VA has repeatedly demonstrated an inability or unwillingness to implement, or callous disregard for, fundamental procedures to provide minimally acceptable safeguards for the personal and private information in its possession.

57.    Defendant Nicholson is ultimately responsible in his official capacity for safeguarding citizen's private information under VA control pursuant to applicable laws, including the Privacy Act of 1974 and the Administrative Procedures Act, but has been unable or unwilling to require compliance with those laws.

13

58.    Defendants' actions and inactions in failing to safeguard Plaintiffs' private information were arbitrary, capricious, and otherwise not in accordance with law.

59.    Plaintiffs suffered, and continue to suffer, harm as a result of Defendants' actions and from actions improperly withheld or unreasonably delayed.

60.    Plaintiffs are entitled to equitable relief for Defendants' violation of Plaintiffs' rights pursuant to the Administrative Procedures Act.

## SECOND CLAIM FOR RELIEF

### Violation of the Privacy Act

61.    Plaintiffs reassert their allegations set forth in Paragraphs (1) through (60) above and incorporate them by reference into this Second Claim for Relief.

62.    Defendants violated the Privacy Act of 1974.

63.    Each of Defendants' violations of the Privacy Act was intentional or willful.

64.    Each of Defendants' Privacy Act violations caused Plaintiffs adverse effects.

65.    Defendants' unauthorized disclosure of individuals' names, addresses, and phone numbers linked to their Social Security numbers has, in particular, placed each Plaintiff in legitimate fear of identity theft, corruption of their credit files, and plundering of bank accounts and retirement funds.

66.    Plaintiffs suffered actual damages as a result of Defendants' Privacy Act violations.

67.    Plaintiffs are entitled to monetary relief and the costs of this action together with reasonable attorney fees.

14

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

(a)    That this Court issue a declaratory judgment that Defendants violated, and continue

to violate, Plaintiffs' rights under the Administrative Procedures Act and Privacy Act

of 1974;

(b)    That this Court order Defendant Nicholson to immediately identify in the Federal

Register the existence and character of every system of records maintained by VA

and make available to any individual therein, their authorized representatives, or

survivors, each record maintained in any VA system of records pertaining to that

individual;

(c)    That this Court order Defendant Nicholson to immediately identify in the Federal

Register each use of every system of records, including any use of that system or

individuals records thereof known as a "project" or "projects," and the explicit

statutory or other legal basis for that use or project;

(d)    That this Court permanently enjoin Defendant VA, its officers, agents, employees,

and those acting for and with them, from accessing, viewing, handling, disclosing, or

in any way transferring any record or system of records subject to Privacy Act

requirements until an independent panel of experts finds that adequate information

security has been established and implemented by VA, unless such activity is

explicitly allowed by Court order and under supervision of persons independent of

VA, such supervision to be at VA expense;

(e)     That this Court enjoin Defendant VA, its officers, agents, employees, and those acting for and with them from removing any device capable of storing, containing, or transferring any record or system of records, including, but not limited to, laptop computers, portable hard drives, memory stick or similar devices, and "iPods" and similar devices, from property under VA's supervision and control until and unless VA demonstrates that adequate information security has been established to the Court's satisfaction.

(f)     That this Court grant to Plaintiffs judgment against Defendant VA for damages in an amount of $1,000.00 for each individual who was adversely affected by Defendant's Privacy Act violations;

(g)     That this Court grant to Plaintiffs their costs and reasonable attorney's fees; and

(h)     That this Court grant such additional relief as the Court deems proper and just.

Respectfully submitted,

L. Gray Geddie (D.C. Bar No. 421357)
Douglas J. Rosinski (D.C. Bar No. 461275)
Ogletree, Deakins, Nash,
    Smoak & Stewart, P.C.
1320 Main St.
Columbia, SC 29201-3266
Attorneys for Plaintiffs

DATED: June 6, 2006

16

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| EASTERN | District of | NEW YORK |

MICHAEL ROSATO, MURRY B. MOSKOWITZ,
and BRUCE OUELLETTE, on their own behalf
and on behalf of all others similarly situated,

V.

R. JAMES NICHOLSON, in his Official Capacity
as Secretary of Veterans Affairs, 810 Vermont
Avenue, NW., (see attachment)

**SUMMONS IN A CIVIL ACTION**

**CV 06 3086**

CASE NUMBER:

**VITALIANO, J.**

**AZRACK, J.**

TO: (Name and address of Defendant)

R. James Nicholson, in his Official Capacity as Secretary of Veterans
Affairs and United States Department of Veterans Affairs, 810 Vermont
Avenue, NW, Washington, DC 20420

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

WEISS & LURIE
551 Fifth Avenue
New York, New York 10176

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN                                         JUN 21 2006

CLERK                                                          DATE

(By) DEPUTY CLERK

**EXHIBIT**

tabbies

B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 06 3086**

MICHAEL ROSATO, MURRY B. MOSKOWITZ, )
and BRUCE OUELLETTE, on their own behalf and )
on behalf of all others similarly situated, )

CIVIL ACTION NO.

)
          Plaintiffs, )

**VITALIANO, J**

)
)
          v. )

COMPLAINT

)
R. JAMES NICHOLSON, in his Official Capacity )
  as Secretary of Veterans Affairs, )
810 Vermont Avenue, NW, )
Washington, DC  20420, and )

**AZRACK**

JURY TRIAL DEMANDED

)
)
UNITED STATES DEPARTMENT OF )
VETERANS AFFAIRS, )
810 Vermont Avenue, NW, )
Washington, DC 20420, )

)
          Defendants. )
)
)

**FILED**

CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
2006 JUN 21  PM 4: 32

      COME NOW PLAINTIFFS, Michael Rosato, Murry B. Moskowitz and Bruce Ouellette,

and in support of their Complaint herein allege as follows:

<u>NATURE OF THE ACTION</u>

      1.    This is a class action for declaratory and injunctive relief and money damages for

the violations of the Administrative Procedures Act and the Privacy Act of 1974 and the Fourth

and Fifth Amendments to the United States Constitution under the authority of *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiffs

represent approximately 26.5 million individuals who are both veterans and active service

members of the Armed Services of the United States who have suffered emotional trauma, have

been placed in fear of identity theft, destruction of credit and financial fraud, and who have had

their private and personal health care information compromised because of Defendants'

intentional, willful and reckless disregard for the security and privacy of these citizens' basic personal information.

2.      Defendant Nicholson failed to properly perform the duties of his position as Secretary of Veterans Affairs ("Secretary") and did not protect the privacy rights of Plaintiffs and the other class members and failed to institute and enforce procedures mandated by law for the protection of veterans' and service members' private and personal information.

3.      Defendant United States Department of Veterans Affairs ("Department" or "VA") also did not assure that class members' privacy rights were protected, failed to institute and enforce procedures mandated by law for the protection of veterans' and service members' private and personal information, and flagrantly disregarded the privacy rights of virtually all armed service members by illegally maintaining a database of personal information unrelated to claims for benefits and by requiring that veterans' and service members' records be maintained and accessed through their individual, private and personal social security numbers or other identifiers that were required by law to be kept confidential.

4.      Defendants compounded their disregard for veterans' and service members' privacy rights by recklessly failing to make even the most rudimentary effort to safeguard this trove of personally identifiable information from unauthorized disclosure. In fact, the information was unencrypted, easily copied, and, apparently, available to anyone aware of its existence. Defendants' failures, despite repeated calls for correction of these long-standing, fundamental security deficiencies, allowed millions of citizens' private information to be compromised and disclosed to unknown individuals for unknown purposes.

5.      Defendants improperly, unlawfully, willfully and intentionally disclosed the private and personal information of Plaintiffs and the Class in at least three ways: (1) through

VA employees' improper access and removal of data files containing the private personal information of 26.5 million veterans and active service members from the VA; (2) through the transfer by VA personnel of the data to external and unprotected disks and/or computers; and (3) through the alleged theft of these disks and/or computers by a third party or parties, whose identity may never be known.

6.    The result of Defendants' reckless disregard of the privacy rights of the Class was the largest unauthorized disclosure of Social Security numbers, addresses, telephone numbers and health information in history.

7.    Defendants' actions and inactions have inflicted serious harm and will continue to inflict real costs and emotional pain and suffering on Plaintiffs and every other living veteran and their families whose identities and other personal and private information have been compromised.

8.    Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of veteran records and to protect against any known or anticipated threats or hazards to the security and integrity of these records is in violation of 5 U.S.C. § 552a(e)(10) and other laws.  Furthermore, subsequent to learning of the foregoing unauthorized disclosures, Defendants were deliberately indifferent in failing to take reasonable corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as result of the disclosures.

## JURISDICTION AND VENUE

9.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this is

a civil action arising under the laws of the United States.  Jurisdiction is also invoked pursuant to

5 U.S.C. §§ 552a(g)(5) because this is a civil action to enforce a liability created under 5 U.S.C.

§ 552a after September 27, 1975.

10.     Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e).

11.     Plaintiff Michael Rosato is a veteran of the United States Armed Services

honorably discharged from service.  He is a resident of Suffolk County, New York.

12.     Plaintiff Murry B. Moskowitz is a veteran of the United States Armed Services

honorably discharged from service.  He is a resident of Fairfax County, Virginia.

13.     Plaintiff Bruce Ouellette is a disabled Vietnam combat veteran and a current

resident of Yavapai County, Arizona.

14.     Defendant R. James Nicholson is the Secretary of Veterans Affairs and is the

official responsible for the proper execution and administration of all laws administered by the

Department and for the control, direction, and management of the Department.

15.     Defendant VA is an executive department of the federal government and is,

therefore, an "agency" for purposes of the Privacy Act of 1974.

## STATEMENT OF FACTS

16.     Upon information and belief, VA employees were able to easily access computer

files containing private Personal Information of millions of veterans and copy the files from the

VA's system onto external disks and their personal computers.  Upon further information and

belief, VA employees had, in fact, been removing the data from the VA facility for a period of

three years in a practice expressly or implicitly ratified by the VA.  VA employees' access to and

4

duplication of this information was a disclosure in violation of 5 U.S.C. 552a(b) and the result of Defendants' willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

17.     On May 3, 2006, a laptop computer and external data storage device or devices were reportedly stolen from the Aspen Hill, Maryland home of John Doe, a VA employee. The laptop computer and data storage device or devices contained a copy of a collection or grouping of information pertaining to approximately 26.5 million persons (the "Personal Information"), including military veterans and approximately 2.2 million current active service members and their spouses (or nearly 80 percent of the active duty force). The Personal Information contained individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, dates of birth and health information. In addition, at least three hundred of the records contained disability information and information related to possible exposure to biological and chemical agents. None of the information was encrypted or similarly protected.

18.     Upon information and belief, John Doe had removed the VA files containing the private personal information of 26.5 million veterans from the VA facility and taken it to his home shortly before the theft described in the prior paragraph. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose. John Doe's computer and/or disks were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint. They were not encrypted or password protected and are easily accessed and duplicated.

19.    John Doe reported the Personal Information theft to one or more VA officials. These VA officials were aware of the unlawful disclosure of the Personal Information soon after the occurrence, yet these VA officials willfully and intentionally decided to conceal the disclosure and did not report the incident to other VA officials, federal law enforcement, or inform the individuals whose Personal Information had been disclosed without authorization. These failures exhibit Defendants' reckless disregard for Plaintiffs' privacy rights, intentional and willful violations of the Privacy Act, and were otherwise not in accordance with law.

20.    No VA official charged with protecting the Personal Information pursuant to the Privacy Act and who knew of the unauthorized disclosure informed Defendant VA's Inspector General George Opfer of the disclosure. The Inspector General only learned of the incident through an offhand remark on May 10, 2006. Then, the Inspector General further demonstrated VA's reckless disregard for the privacy rights of Plaintiffs and the Class and an intentional and willful disregard for Privacy Act requirements by failing to interview the employee in question until May 15, 2006, five days later.

21.    Defendant Nicholson was informed of the patently unlawful disclosure on May 16, 2006, and the Federal Bureau of Investigation ("FBI") was contacted on May 17, 2006. Defendant Nicholson did not publicly inform Plaintiffs or any other individuals of VA's patently unlawful disclosure of the Personal Information until May 22, 2006, 19 days after the reported theft.

22.    Defendants' actions and inactions in failing to report the unauthorized disclosure of the Personal Information were arbitrary, capricious and without observance of procedures required by law.

6

23.     Defendant VA has been repeatedly informed of recurring, systemic, and fundamental deficiencies in its information security, but failed to effectively respond.  VA's own Inspector General has for years criticized the Department for lax information security.  Despite the repeated identification of problems, VA has been unable or unwilling to properly secure the personal information under its control.  These repeated failures to correct known vulnerabilities of VA's safeguards for Plaintiffs' and class members' Personal Information demonstrated a reckless disregard for privacy rights and intentional or willful violations of the Privacy Act.

24.     VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by failing to observe the procedures required by law for disclosure of private information, including the Personal Information, without the prior written consent of the affected individuals.

25.     VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by disclosing, or allowing disclosure of, the Personal Information to officials and employees who did not have a need for such records and information in the performance of their duties.

26.     VA flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by failing to keep or maintain an accurate accounting of the disclosures of the Personal Information.

27.     VA also flagrantly disregarded the privacy of Plaintiffs and the Class and caused them adverse effects by assembling and maintaining the Personal Information in a system of records although the information was not relevant and necessary to accomplish a purpose required by statute or by executive order of the President.

7

28.    Defendants knew or should have known that their computer security practices were not in compliance with 5 U.S.C. § 552a as well as other federal laws relating to information security.  In 2003, a study conducted by the General Accounting Office ("GAO") gave the VA a failing grade for its computer security practices.  In March 2006, the United States House of Representative's Committee on Government Reform gave the VA an "F" in its annual report card relating to information security.  Despite this ample and specific notice of noncompliance and the potential adverse effect of random and unauthorized disclosures of Personal Information, Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

29.    An Associated Press article published on June 14, 2006, concerning that day's testimony in Congressional hearings on the compromise of privacy laws at the VA, reported:

> In testimony to Congress, the Government Accountability Office and Veterans inspector general detailed ignored warnings, weak management and lax rules in their review of VA information security following the theft of 26.5 million military personnel's private data last month.

> They found that the Veterans Affairs Department routinely failed to control and monitor employee access to private information, did not restrict users to "need-to-know" data and often waited too long to terminate accounts when an employee quit or was fired.

> The investigators also said the VA lacked a clear chain of command in enforcing security, noting the agency will need dramatically stronger leadership under VA Secretary Jim Nicholson to force reform after five years of repeated warnings about security.

> "Much work remains to be done," Linda Koontz, a director on information management at GAO, told the House Veterans Affairs Committee.  "Only through strong leadership, sustained management commitment and effort, disciplined processes, and consistent oversight can VA address its persistent, long-standing control weaknesses."

8

30.    The testimony of June 14 made clear, according to the foregoing article, that:

government investigators said the problem was long-standing and much more widespread.  They pointed to repeated occasions in the last year in which VA employees passed along veterans' medical information via unencrypted e-mail or were allowed to freely log into the VA secure network in their off-duty hours or even after they've been terminated.

In other instances, files were not adequately segregated or password-protected, making it easy for hackers to access the sensitive information.

31.    Finally, the article underscored the fact that the defendants were aware of their

privacy laws deficiencies for a very long time.

When the VA was told of problems over the years, often it would make spotty improvements but fail to address reform agency-wide.  The agency also has yet to put in place a security response program to monitor suspicious log-on activity, said Michael Staley, an assistant VA inspector general, in testimony.

"These conditions place sensitive information, including financial data and sensitive veteran medical and benefit information, at risk, possibly without detection of inadvertent or deliberate misuse, fraudulent use, improper disclosure or destruction," Staley said.

32.    The unauthorized and unconsented disclosure of an individual's name, address,

date of birth, health and/or disability status and Social Security number creates a substantial risk

of identity theft and an invasion of privacy.  An individual's Social Security number is the most

useful identifier for retrieving information from public record databases, financial institutions

and credit bureaus.   Armed with an individual's name, address, date of birth and Social Security

number, an identity thief is able to quickly and easily steal an identity, whereas, without such

information, the task is difficult, time consuming and costly.  Moreover, the unauthorized

disclosure of an individual's health or disability status invades the privacy of information

protected under law.

33.    Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.ftc.org.

34.    Defendants' unauthorized and unconsented disclosures of private Personal Information and the imminent and substantial risk of identity theft to which the Class has been exposed is the direct result of Defendants' failure to: (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans with prompt and accurate notice of the disclosures, and free ongoing monitoring of class members' health and financial reports.

35.    As a direct and proximate result of Defendants' acts and omissions, the Class has been exposed to a risk of substantial harm and inconvenience, and has incurred actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit. Furthermore, their individual privacy has been invaded through the disclosure of their private and personal health information.

36.    Defendant Nicholson was ultimately responsible for control, direction, and management of VA's processes, policies, and procedures for compliance with the Privacy Act of 1974 and other privacy laws, rules and regulations, but failed to ensure those processes, policies, and procedures were adequately implemented by his subordinates. Defendant Nicholson knew, or should have known, that VA had long-standing information security deficiencies that threatened the privacy rights of Plaintiffs and the Class, but did not ensure correction or mitigation of those deficiencies.

37.     Defendant Nicholson flagrantly disregarded the privacy rights of Plaintiffs and the Class and caused them adverse effects by failing to establish and ensure lawful compliance by his subordinates with appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained.

38.     Each of Defendants' failures complained of caused adverse effects to the Class including, but not limited to, embarrassment, inconvenience, unfairness, mental distress, emotional trauma, pecuniary damages and the threat of current and future substantial harm from identity theft. In testimony to Congress on or about June 12, 2006, Defendant Nicholson said that although he remained hopeful that the theft from the VA employee in Maryland was random, he and the VA could not count on the fact that no use of the stolen data was or would be made by unauthorized persons.

39.     The real threat of identity theft and similar adverse effects of VA's illegal actions and Privacy Act violations requires affirmative actions by the Class to recover peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining and reviewing credit reports, bank statements, and other similar information, obtaining credit watch services, and closing financial accounts. The Class has, and will continue to, suffer tangible and intangible damages for the foreseeable future.

40.     In Congressional hearings held after the disclosure of the Personal Information discussed herein, Representative Henry Waxman of California berated defendant Nicholson for his conduct and malfeasance:

11

"Secretary Nicholson, you blame this on an employee who was fired, on a culture, on people doing what they're not supposed to be doing. That doesn't sound like we're getting to the heart of this with passing the buck."

## CLASS ACTION ALLEGATIONS

41.    This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)-(3).

42.    The Class consists of all persons who have been adversely effected by Defendants' violations of the privacy of class members' personal and private identifying information.

43.    This action is properly maintainable as a class action for the following reasons:

a.    The Class is so numerous that joinder of all members is impractible. The class size is approximately 26,500,000, which is the number of individuals whose information Defendants admit was collected and maintained in the missing system of records.

b.    Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underlying action and relief sought.

c.    Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel qualified and experienced to represent the Class and familiar with class litigation. Plaintiffs' claims are typical of the claims of other members of the Class and plaintiffs have no interest that are adverse or antagonistic to the interests of the Class. Plaintiffs are military veterans listed in one or more VA system of records who have had their personal information improperly maintained and disclosed by Defendants.

d.    The representative Plaintiffs will fairly and adequately protect the interests of the Class.

e.     There are substantial questions of fact and law common to all class members. The issues raised include whether Defendants acted or failed to act commensurate with their duties to protect the personal, private and confidential information of Plaintiffs and class members, whether such conduct violated the privacy and other laws, whether said violations were willful, wanton and/or reckless and whether such conduct gives rise to the various forms of relief requested and/or damages. The foregoing issues are common to all class members. Similarly, the relief Plaintiffs seek is dominated by equitable remedies. The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

f.     Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

g.     The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

h.     Defendants' liability for damages can be established by facts and circumstances common to the Class as a whole and do not require the examination of Plaintiffs' individual circumstances.

i.     Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

j.     A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions and because concentrating the litigation in this Court is appropriate to ensure appropriate,

13

consistent, and efficient resolution of the legal and constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future.

<u>FIRST CLAIM FOR RELIEF</u>

44.    Plaintiffs reassert the allegations set forth in Paragraphs 1 through 43 above and incorporate them by reference into this First Claim for Relief.

45.    Defendant VA possesses personal information of Plaintiffs and millions of other veterans and active service members. VA has repeatedly demonstrated an inability or unwillingness to implement, or callous disregard for, fundamental procedures to provide minimally acceptable safeguards for the personal and private information in its possession.

46.    Defendant Nicholson is ultimately responsible in his official capacity for safeguarding citizen's private information under VA control pursuant to applicable laws, including the Privacy Act of 1974 and the Administrative Procedures Act, but has been unable or unwilling to require compliance with those laws.

47.    Defendants' actions and inactions in failing to safeguard Plaintiffs' private information were arbitrary, capricious, and otherwise not in accordance with law.

48.    Plaintiffs suffered, and continue to suffer, harm as a result of Defendants' actions and from actions improperly withheld or unreasonably delayed.

49.    The Class is entitled to monetary and equitable relief for Defendants' violation of plaintiffs' rights pursuant to the Administrative Procedures Act.

50.    The foregoing acts and omissions of Defendant VA constitute an unauthorized, nonconsensual, and inappropriate disclosure of Social Security numbers and private health information of the Class in violation of 5 U.S.C. § 552a(b).

SECOND CLAIM FOR RELIEF

51.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 50 hereinabove.

52.    The foregoing acts and omissions of Defendant VA constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran records and to protect against known and anticipated threats or hazards to the security and integrity of the private personal records of the Class in violation of 5 U.S.C. § 552a(e)(10).

THIRD CLAIM FOR RELIEF

53.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 52 hereinabove.

54.    The foregoing acts and omissions of Defendants constitute a violation of the right to privacy and personal security of the Class in their Social Security numbers and private health information under the Fourth and Fifth Amendments to the United States Constitution.

PRAY FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

a.    For a declaration that Defendants' acts and omissions constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active service member records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10) and the Fourth and Fifth Amendments of the United States Constitution.

b.    For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the

security and privacy of veteran records and to protect against anticipated threats or hazards to the security and integrity of these records.

      c.      For reparative injunctive relief under *Bivens* requiring Defendants to take necessary measures to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information including an identity and/or credit monitoring program and a preemptive internet search service for the benefit of Plaintiffs and the proposed Class under the Court's supervision;

      d.      That this Court permanently enjoin Defendant VA, its officers, agents, employees, and those acting for and with them, from accessing, viewing, handling, disclosing, or in any way transferring any record or system of records subject to Privacy Act requirements until an independent panel of experts finds that adequate information security has been established and implemented by VA, unless such activity is explicitly allowed by Court order and under supervision of persons independent of VA, such supervision to be at VA expense;

      e.      That this Court enjoin Defendant VA, its officers, agents, employees, and those acting for and with them from removing any device capable of storing, containing, or transferring any record or system of records, including, but not limited to, laptop computers, portable hard drives, memory stick or similar devices, and "iPods" and similar devices, from property under VA's supervision and control until and unless VA demonstrates that adequate information security has been established to the Court's satisfaction.

      f.      That this Court grant to Plaintiffs and the Class judgment against Defendant VA for damages in an amount of $1,000.00 for each individual who was adversely affected by Defendant's Privacy Act violations;

16

g.    That this Court grant to Plaintiffs their costs and reasonable attorneys'

fees; and

h.    That this Court grant such additional relief as the Court deems proper and

just.

Dated: June 21, 2006

WEISS & LURIE

Joseph H. Weiss (JW-4534)
Mark D. Smilow (MS-2809)
Richard A. Acocelli (RA-2029)
Weiss & Lurie
551 Fifth Avenue
New York, NY   10176
Tel:   (212) 682-3025
Fax:   (212) 682-3010

17

RECEIVED

2006 JUN 26 PM 3:19

DEPT OF VETERANS AFF.
OFFICE OF THE SECRETAR.

Index No. XXXXX 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL ROSATO, MURRY B. MOSKOWITZ, and BRUCE
OUELLETTE, on their behalf and on behalf of all
others similarly situated,                Plaintiffs,

v.

R. JAMES NICHOLSON, in his Official Capacity as
Secretary of Veterans Affairs, 810 Vermont Avenue,
NW, Washington,. DC 20420, and

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,
810 Vermont Avenue, NW, Washington, DC  20420,

                                          Defendants.

## COMPLAINT

W E I S S  8  L U R I E
*Attorneys for* Plaintiffs

*Office and Post Office Address, Telephone*

551 FIFTH AVENUE
NEW YORK, N.Y. 10176
(212) 682-3025

To

Attorney(s) for

Service of a copy of the within                is hereby admitted.

Dated,

................

Attorney(s) for

To

---

NOTICE OF ENTRY

Sir: — Please take notice that the within is a *(certified)*
true copy of a
duly entered in the office of the clerk of the within
named court on                      19

Dated,

                Yours, etc.,
W E I S S  8  L U R I E

*Attorneys for*

*Office and Post Office Address*

551 FIFTH AVENUE
NEW YORK, N.Y. 10176

To

Attorney(s) for

NOTICE OF SETTLEMENT

Sir: — Please take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named court, at

on                      19
at              M.
Dated,
                Yours, etc.,
W E I S S  8 . L U R I E ..

*Attorneys for*

*Office and Post Office Address*

551 FIFTH AVENUE
NEW YORK, N.Y. 10176

To

Attorney(s) for

Eastern District of Kentucky
**FILED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

JUN - 7 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

| | | |
|---|---|---|
| **PAUL HACKETT,** | : | CASE NO.  06-144-wob |
| 1014 Vine Street, Suite 1690 | : | |
| Cincinnati, OH  45202 | : | |
| | : | **JUDGE BERTELSMAN** |
| **MATTHEW W. PAGE** | : | |
| 473 Beaver Road | : | |
| Walton, KY 41094 | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **UNITED STATES DEPARTMENT** | : | **AMENDED CLASS ACTION** |
| **OF VETERANS AFFAIRS,** | : | **COMPLAINT** |
| 810 Vermont Avenue NW | : | |
| Washington, DC  20420, | : | |
| | : | |
| **R. JAMES NICHOLSON, Secretary** | : | |
| **of the United States Department of** | : | |
| **Veterans Affairs, officially and** | : | |
| **individually,** | : | |
| 810 Vermont Avenue NW | : | |
| Washington, DC  20420, | : | |
| | : | |
| **GORDON G. MANSFIELD, Deputy** | : | |
| **Secretary of the United States** | : | |
| **Department of Veterans Affairs,** | : | |
| **officially and individually,** | : | |
| 810 Vermont Avenue NW | : | |
| Washington, DC  20420, | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE, employee of the** | : | |
| **United States Department of** | : | |
| **Veterans Affairs, officially and** | : | |
| **individually,** | : | |
| c/o 810 Vermont Avenue NW | : | |
| Washington, DC  20420. | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**EXHIBIT**

tabbies

_C_

# I. PRELIMINARY STATEMENT

1. Plaintiffs Paul Hackett and Matthew Page bring this action pursuant to the Privacy Act of 1974 and the Fourth and Fifth Amendments to the United States Constitution under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) on behalf of themselves and all others similarly situated against the United States Department of Veterans Affairs ("VA"), Secretary R. James Nicholson, Deputy Secretary Gordon H. Mansfield, and its employee, John Doe.[1]

2. Plaintiffs, veterans of the United States Marine Corps and United States Navy, respectively, are two of more than 28.5 million military veterans and active duty personnel whose private personal information, including Social Security numbers, were improperly, unlawfully, willfully and intentionally disclosed in at least three ways: (1) through the access and removal of data files containing the private personal information of more than 28.5 million veterans and active duty members from the VA facility by employee John Doe; (2) through the transfer of the data to external and unprotected disks and/or computers by John Doe; and (3) through the alleged theft of these disks and/or computers by a third party, the identity of whom may never be known. These disclosures, made without Plaintiffs' knowledge or consent, violate 5 U.S.C. § 552a(b).

3. These disclosures were the direct and proximate result of Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against any known or anticipated threats or hazards to the security and integrity of these

---

[1] Plaintiffs may also file an administrative charge alleging invasion of privacy pursuant to the Federal Tort Claims Act as required under 28 U.S.C. § 1346(b).

records in violation of 5 U.S.C. § 552a(e)(10).

4.     Subsequent to learning of these disclosures, Defendants were deliberately indifferent in failing to take reasonable corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as result of the disclosures.

5.     Defendants' disclosures of Plaintiffs' confidential Social Security numbers also violated Plaintiffs' right to privacy and personal security of their Social Security numbers under the Fourth and Fifth Amendments of the United States Constitution.

6.     As result of the Defendants' acts and omissions in disclosing and failing to protect Plaintiffs' private personal information, including their Social Security numbers, Plaintiffs and those similarly situated have been placed at a substantial risk of harm in the form of identity theft and have incurred and will incur actual damages in an attempt to prevent identity theft by purchasing services to monitor their credit information. The remedies sought include declaratory and remedial injunctive relief, damages and reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Federal jurisdiction is appropriate in this instance to secure protection and to redress deprivations of rights guaranteed under 5 U.S.C. § 552a and *Bivens*.

8.     Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(e).

3

## III. PARTIES

9.    Plaintiff Paul Hackett is a veteran of the United States Marine Corps released from active duty in 1992 and honorably discharged from service in 1999. He is a resident of Hamilton County, Ohio.

10.   Plaintiff Matthew Page is a veteran of the United States Navy retired from active duty and honorably discharged from service in 2001. He is a resident of Boone County, Kentucky.

11.   Defendant VA is a cabinet of the Executive Branch of the United States Government which, in the course of its duties, compiles and maintains records of all individuals discharged from a branch of the United States military and provides benefits and services to veterans, including among other things, pension payments and health care. Upon information and belief, Defendant VA also compiles and maintains records of some or all active duty members of the United States military.

12.   Defendant R. James Nicholson is the duly-confirmed Secretary of United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran and active duty records and to protect against any anticipated threats or hazards to the security and integrity of these records. He is sued in his official and individual capacities.

13.   Defendant Gordon H. Mansfield is the duly-appointed Deputy Secretary of the United States Department of Veterans Affairs and is responsible for the enactment and enforcement of all VA policies and procedures, including those pertaining to safeguards to ensure the security and privacy of veteran and active duty records and to

protect against any anticipated threats or hazards to the security and integrity of these records. He is sued in his official and individual capacities.

14.    Defendant John Doe is a long-time employee of the VA who was assigned as a data analyst.    Upon information and belief, John Doe engaged in conduct tantamount to a willful and intentional disclosure of and failure to protect the private personal information of Mr. Hackett, Mr. Page and the approximately 28.5 million other veterans and active duty personnel. He is sued in his official and individual capacities.

## IV. STATEMENT OF FACTS

15.    In connection with their honorable discharges after service with the United States Marine Corps and United States Navy, Plaintiffs were required to provide the VA with their private personal information, including Social Security numbers.

16.    On or about May 22, 2006, Secretary Nicholson publicly announced through worldwide media outlets that the private personal information of approximately 26.5 million veterans discharged after 1975 had been disclosed. Secretary Nicholson identified the private personal information of these veterans disclosed as their names, dates of birth, Social Security numbers, and, in some instances disability ratings and certain medical information. Nearly two weeks later, on or about June 6, 2006, Secretary Nicholson publicly announced that the files also contained these individuals' addresses and telephone numbers.

17.    On or about June 6, 2006, Secretary Nicholson publicly announced that the disclosure affected a much broader scope of individuals that initially reported on May 22, 2006, involving information of both veterans and active duty personnel. Specifically identified were 1.1 million active duty personnel, 430,000 members of the

National Guard, and 645,000 members of the Reserves.   The private personal information of these individuals disclosed included names, addresses, telephone numbers, dates of birth, Social Security numbers, disability ratings, and upon information and belief, certain medical information.

18.    Secretary Nicholson reported the disclosure was connected to an alleged burglary of the home of Defendant John Doe.  Upon information and belief, on or about May 3, 2006, John Doe, a data analyst and long-time VA employee, had removed VA files containing private personal information of more than 28.5 million veterans and active duty personnel from the VA facility and taken it to his home. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose. John Doe's computer and/or disks were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint.  They are not believed to be encrypted or password protected and can be easily accessed and duplicated.

19.    Upon information and belief, John Doe was able to easily access computer files containing private personal information of 28.5 million veterans and active personnel copy the files from the VA's system onto external disks and his personal computer.  Upon further information and belief, John Doe had been removing the data from the VA facility for a period of three years in a practice expressly or implicitly ratified by the VA.  John Doe's access to and duplication of this information was a disclosure in violation of 5 U.S.C. § 552a(b) and the result of Defendants' willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of veteran and active duty personnel records and to protect against any

anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

20.    Upon information and belief, upon learning of the above-described disclosures, Secretary Nicholson and Deputy Secretary Mansfield unreasonably delayed reporting the disclosures to law enforcement agencies despite knowledge of the imminent and substantial risk of serious harm to the personal security of the affected veterans and active duty personnel. VA Inspector General George Opfer publicly stated that he was never formally notified of the disclosures, but rather heard about it through "gossip."

21.    Three weeks after the alleged burglary, on or about May 22, 3006, Secretary Nicholson advised media outlets that the 26.5 million veterans whose private personal information was disclosed were subject to a heightened risk for identity theft. He urged the veterans to be "extra vigilant and to carefully monitor bank statements, credit card statements and any statements relating to recent financial transactions." Nearly two weeks later, on or about June 6, 2006, Secretary Nicholson advised media outlets that the disclosures involved nearly 2.2 million active duty members of the military as well. Upon information and belief, Defendants have not yet individually notified the affected veterans.

22.    Defendants knew or should have known that their computer security practices were not in compliance with 5 U.S.C. § 552a as well as other federal laws relating to information security. In 2003, a study conducted by the General Accounting Office (GAO) gave the VA a failing grade for its computer security practices. In March 2006, the United States House of Representative's Committee on Government Reform

gave the VA an "F" in its annual report card relating to information security. Despite this ample and specific notice of noncompliance and the potential adverse effect of random and unauthorized disclosures of personal information, Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of veteran and active duty personnel records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

23.    The unauthorized and unconsented disclosure of an individual's name, address, telephone number, date of birth and Social Security number creates a substantial risk of identity theft. An individual's Social Security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an individual's name, address, date of birth and Social Security number, an identity thief is able to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly.

24.    Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve their credit issues. *See* www.idtheftcenter.org; www.ftc.org.

25.    Defendants' unauthorized and unconsented disclosures of Plaintiffs private personal information and the imminent and substantial risk of identity theft to which Plaintiffs has been exposed is the direct result of Defendants' failure to: (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or

hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans and active duty personnel with prompt and accurate notice of the disclosures.

26.     As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have been exposed to a risk of substantial harm and inconvenience, and have incurred actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit.

### V. CLASS ALLEGATIONS

27.     Plaintiffs maintain this action on behalf of themselves and all individuals whose private personal information, including Social Security numbers, were disclosed by Defendants in May 2006 as described above.

28.     The members of the putative class are so numerous that joinder of individual claims is impracticable. Moreover, there are significant questions of fact and issues of law common to the members of the putative class. These issues include whether Defendants failed to establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records and to protect against known and anticipated threats or hazards to the security and integrity of these records, whether such failure was willful and intentional, whether the putative class members were adversely affected, and whether they incurred actual damages as result.

29.     Plaintiffs' claims are typical of the claims of the putative class. Plaintiffs and all members of the putative class have been adversely affected and damaged in that their private information has been compromised and stolen.

30.     The proposed class representatives will fairly and adequately represent the putative class because they have the class members' interest in mind, their individual claims are co-extensive with and identical to those of the class, and because they are represented by qualified counsel experienced in class action litigation of this nature.

31.     A class action in this instance is superior to other available methods for the fair and efficient adjudication of these claims since individual joinder of the claims of all members of the putative class is impracticable. Most members of the class are without the financial resources necessary to pursue this matter. Even if some members of the class could afford to litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Defendants' actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economy of scale and comprehensive supervision over the entire controversy by a single court.

32.     The putative class may be certified pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for Defendants to follow.

33.     The putative class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the putative class thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the class.

10

34.    The putative class may be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to class members will predominate over questions affecting individual members and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of actions described in the Complaint.

## VI. STATEMENT OF CLAIMS

### COUNT ONE

35.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 34 herein above.

36.    The foregoing acts and omissions of Defendant VA constitute an unauthorized, nonconsensual, and inappropriate disclosure of Plaintiffs' Social Security numbers in violation of 5 U.S.C. § 552a(b).

### COUNT TWO

37.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 36 herein above.

38.    The foregoing acts and omissions of Defendant VA constitutes a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against known and anticipated threats or hazards to the security and integrity of Plaintiff's private personal records in violation of 5 U.S.C. § 552a(e)(10).

### COUNT THREE

39.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 38 herein above.

11

40.    The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe constitute a violation of Plaintiffs' right to privacy in their Social Security numbers under the Fourth and Fifth Amendments to the United States Constitution.

## COUNT FOUR

41.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 40 herein above.

42.    The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe constitute a violation of Plaintiffs' right to personal security under the Fourth and Fifth Amendments to the United States Constitution.

## COUNT FIVE

43.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 42 herein above.

44.    The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe deprived Plaintiffs of their right to procedural and substantive due process under the Fifth Amendment to the United States Constitution.

## COUNT SIX

45.    Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 44 herein above.

46.    The foregoing acts and omissions of Defendants Nicholson, Mansfield and John Doe were done in deliberate indifference to rights guaranteed to Plaintiffs under the Fourth and Fifth Amendments to the United States Constitution.

12

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand judgment against Defendants as follows:

a.      For a declaration that Defendants' acts and omissions constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10) and the Fourth and Fifth Amendments of the United States Constitution.

b.      For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the security and privacy of veteran and active duty personnel records and to protect against anticipated threats or hazards to the security and integrity of these records.

c.      For reparative injunctive relief under *Bivens* requiring Defendants to take necessary measures to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information including an identity and/or credit monitoring program and a preemptive internet search service for the benefit of Plaintiffs and the proposed class under the Court's supervision;

d.      For an award of damages for Plaintiffs and each affected class member in an amount no less than $1,000.00;

13

e.   For an award of reasonable attorney fees and costs incurred by Plaintiffs and the members of the putative class in prosecuting this matter; and

f.   For an award of such other relief in law and equity to which Plaintiffs and the members of the putative class may be entitled under the premises.

Respectfully submitted,

MEZIBOV & JENKINS, CO. L.P.A

_____

MARC D. MEZIBOV (Ohio Bar No. 0019316)
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
mmezibov@mezibovjenkins.com

Attorney for Plaintiffs

Of Counsel:
**MEZIBOV & JENKINS, CO. L.P.A**
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
STACY A. HINNERS (Ohio Bar No. 0076458)
401 East Court Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 723-1600
Telecopier: (513) 723-1620
cjenkins@mezibovjenkins.com
shinners@mezibovjenkins.com

**MURDOCK, GOLDENBERG, SCHNEIDER &**
**GROH LPA**
JOHN C. MURDOCK (Ohio Bar No. 0063749)
JEFFERY S. GOLDENBERG (Ohio Bar No. 0063771)
35 East Seventh Street, Suite 600
Cincinnati, OH 45202
Telephone: (513) 345-8291
Telecopier: (513) 345-8294
jmurdock@mgsglaw.com
jgoldenberg@mgsglaw.com

14

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was filed with the Clerk and served to the following via regular U.S. mail on this 7th day of June 2006:  John C. Murdock and Jeffery S. Goldenberg, 35 E. Seventh Street, Suite 600, Cincinnati, OH 45202; Alberto Gonzalez, United States Attorney General, Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001; Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, 110 West Vine Street, Suite 400, Lexington, KY 40507-1671; United States Department of Veterans Affairs, 810 Vermont Avenue NW, Washington, DC 20420; R. James Nicholson, 810 Vermont Avenue NW, Washington, DC 20420; Gordon G. Mansfield, 810 Vermont Avenue NW, Washington, DC 20420.

MARC D. MEZIBOV (Ohio Bar No. 0019316)