UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIETNAM VETERANS OF AMERICA,
*et al.,*

    Plaintiffs,

    v.                                                     ) No. 1:06-cv-01038-JR
                                )
R. JAMES NICHOLSON,
Secretary of Veterans Affairs, *et al.,*

    Defendants.

PAUL HACKETT, *et al.,*

    Plaintiffs,

    v.                                                     ) No. 1:06-cv-01943-JR

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, *et al.,*

    Defendants.

MICHAEL ROSATO, *et al.,*

    Plaintiffs,

    v.                                                     ) No. 1:06-cv-01944-JR

R. JAMES NICHOLSON,
Secretary of Veterans Affairs, *et al.,*

    Defendants.

## DECLARATION OF DAT P. TRAN

    I, DAT P. TRAN, declare the following to be a true and correct statement of facts:

    1)    I currently hold the position of Director, Data Management and Analysis Service, Office of Policy, Planning and Preparedness ("OPP&P"), United States Department of Veterans Affairs ("Department" or "VA"). The statements I make hereinafter are made on the basis of my review of official Department files

EXHIBIT

20

and records, my own personal knowledge, and/or information acquired by me through the performance of my official duties.

2)      Prior to my current appointment, I served as the Acting Director, Data Management and Analysis Service. In that capacity, I regularly used the services of Mr. John Doe, a Computer Specialist and colleague in OPP&P. Mr. Doe is the Department employee whose home was burglarized and whose personal laptop computer and external hard drive containing VA data were stolen.

3)      I utilized Mr. Doe's services principally because of his reputation as one of the most competent data analysts in OPP&P. Mr. Doe's demonstrated level of skill, professionalism and responsiveness also prompted me to recommend that another Department component, the Veterans Benefits Administration ("VBA"), utilize his services. In July 2005, Joseph Salvatore, then of VBA, requested the assistance of OPP&P with a project involving the identification of veterans who had suffered mustard gas exposure. Because of my awareness of Mr. Doe's abilities and his eligibility to access VA data bases, I suggested that Mr. Salvatore obtain assistance from Mr. Doe.

4)      After Mr. Doe began working on the mustard gas exposure project with VBA, he came to me for assistance in obtaining read-only access to VBA's Beneficiary Identification and Records Location Subsystem ("BIRLS") database. I agreed to assist Mr. Doe in obtaining such access for his use in the mustard gas exposure project. I also believed that such access would aid OPP&P in performing other data analysis assignments. In order to facilitate this access, I followed established policies intended to ensure that only those with a need for such data are granted access to it. After I later learned that Mr. Doe previously had received access to BIRLS extracts, I again followed established policies in helping him and OPP&P obtain access to an expanded BIRLS extract.

5) I declare under penalty of perjury that the matters set forth in this Declaration, are within my official purview and are correct and true to the best of my information, knowledge, and belief.


Executed this __20th__ day of November, 2006.

Dat P. Tran
Director, Data Management and
Analysis Service
Office of Policy, Planning and
Preparedness
U.S. Department of Veterans Affairs
Washington, DC